IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONNSERO,<br><br>    Plaintiff(s),<br><br>vs.<br><br>T. VARIZ, et al,<br><br>    Defendant(s). | No. C 06-5493 JSW (PR)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915 (g) |

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison and a frequent litigant in the federal courts, has filed a pro se complaint under 42 U.S.C. § 1983 challenging the actions of prison officials in denying his administrative appeals for various reasons. In this order, the Court orders Plaintiff to show cause why the complaint should not be dismissed based on 28 U.S.C. § 1915(g), as set forth below.

## DISCUSSION

I    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II      P.L.R.A.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Ninth Circuit has recently considered the requirements for a dismissal under the PLRA. *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).  For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Id.* at 1121 (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Plaintiff has filed many prior cases does not alone warrant dismissal under §

1915(g).  *See id.*  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  *Id.  Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *See id.* at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that this Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Connsero v. Duncan*, No. 1:01-cv-05626-OWW-DLB (E.D. Cal. Mar. 19, 2002) (order of dismissal for failure to state a claim); (2) *Connsero v. Roe*, No. 2:03-cv-01184-UA-AJW (C.D. Cal. Mar. 3, 2003) (order of dismissal for failure to complete *in forma pauperis* application and for failure to state a federal claim for relief); (3) *Connsero v. Duncan*, No. 1:02-cv-05863-REC-HGB (E.D. Cal. Jan. 21, 2003) (order of dismissal for failure to state a claim); (4) *Connsero v. Knowles*, No. 2:04-cv-00494-FCD-PAN (N.D. Cal. Dec. 14, 2004) (order of dismissal for failure to

state a claim). This Court made its evaluation of these cases based on reviewing the dismissal orders in each of them. *See Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **thirty (30) days from the date of this order** why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (a court should afford the litigant prior notice before dismissing for failure to prosecute). In the alternative to showing cause why this action should not be dismissed, Plaintiff may avoid dismissal by paying the full $350.00 filing fee by the deadline.

IT IS SO ORDERED.

DATED:   2/13/2007

JEFFREY S. WHITE
United States District Judge

4